UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

JEANNE CANIGIANI,            )
                             )
        Plaintiff,           )
                             )
v.                           )
                             )
BANC OF AMERICA MERCHANT     )
SERVICES, LLC d/b/a Bank of America, )
                             )
        Defendant.           )
_____)

## COMPLAINT

Plaintiff JEANNE CANIGIANI ("Plaintiff") sues Defendant BANC OF AMERICA MERCHANT SERVICES, LLC d/b/a Bank of America ("Defendant") and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and Fla. Stat. § 440.205[1].

### PARTIES

2. At all times material, Plaintiff was a resident of Palm Beach County, Florida.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff has filed a Charge of Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue notice, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA, the ADEA, and the FCRA.

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

5. At all times material, Defendant was a corporation doing business in Broward County, Florida. Defendant is, and at all times relevant was, a bank and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.; and Fla. Stat. § 440.205.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has a place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered in Broward County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. Plaintiff worked for the Defendant since 1994. Her last position at the Defendant was Assistant Vice-President.

11. Defendant considered Plaintiff a good employee.

12. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

13. On or about September 22, 2015, Plaintiff fell down the stairs at work and sustained a serious work-related injury.

14. Plaintiff's work-related injury caused Plaintiff a serious medical condition.

15. Plaintiff serious medical condition caused Plaintiff continuous sharp pain to her neck, back, and shoulders, and migraines, all of which required medical treatment.

16. Plaintiff immediately reported the work-related injury to her supervisors and requested medical treatment.

17. Plaintiff's medical condition required Plaintiff to take time off to attend several medical appointments during work hours.

18. As soon a Plaintiff began to take time off to see her doctors, the Defendant began to micromanage Plaintiff's work and to look for excuses to reprimand her.

19. Plaintiff advised her supervisors that she would need additional time in the future to continue attending her appointments with her doctors to treat her serious medical condition and injuries.

20. Thereafter, on or about August 17, 2016, while Plaintiff was still in need of medical treatment due to her serious medical condition, the Defendant fired Plaintiff allegedly because she "did not make her quota."

21. Up until the time of Plaintiff's termination, Defendant had not explained to Plaintiff her potential rights to leave under the FMLA.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (FAILURE TO PROVIDE FMLA INFORMATION)

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. On August 17, 2016, Plaintiff was eligible for FMLA leave.

24. At all times material, Plaintiff gave proper notice to Defendant of her serious medical condition, which required ongoing visits to her doctors.

25. The injury to Plaintiff's neck, back, and extremities was a serious medical condition.

26. Plaintiff provided enough information for Defendant to know that her potential continued leave to see doctors may be covered by the FMLA.

27. Despite its knowledge of Plaintiff's serious medical condition, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA, and failed to notify Plaintiff whether her intermittent leave was or could be designated as FMLA leave.

28. When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA, and when Defendant failed to notify Plaintiff whether her leave was or could be designated as intermittent FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

29. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

   a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff prejudgment interest on her damages award;

   e. Award Plaintiff reasonable costs and attorney's fees;

f.  Award Plaintiff any further relief pursuant to the FMLA; and

g.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (TERMINATION)

30. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

31. On August 17, 2016, Plaintiff was eligible for FMLA leave.

32. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition.

33. Plaintiff provided enough information for Defendant to know that her potential intermittent leave may be covered by the FMLA.

34. Despite its knowledge of Plaintiff's medical condition, Defendant terminated Plaintiff instead of affording her intermittent leave, or the opportunity to request intermittent FMLA leave.

35. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

36. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b.  Reinstatement or compensatory mental damages;

c.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d.  Award Plaintiff liquidated damages;

    e.    Award Plaintiff prejudgment interest on her damages award;

    f.    Award Plaintiff reasonable costs and attorney's fees;

    g.    Award Plaintiff any further relief pursuant to the FMLA; and

    h.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA BY DEFENDANT– RETALIATION

37.    Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

38.    Defendant terminated Plaintiff following her notification about the need for intermittent leave to go to doctor's appointments due to her serious medical condition. That notification constituted a request for taking intermittent FMLA leave.

39.    Defendant terminated Plaintiff because she requested FMLA intermittent leave as described above.

40.    Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take intermittent leave for medical reasons.

41.    Plaintiff's request for medical intermittent leave pursuant to the FMLA was a direct and proximate cause of her termination.

42.    As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT IV: WORKER'S COMPENSATION RETALIATION (FLA. STAT. § 440.205)**

43. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

44. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

45. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

46. On or about September 22, 2015, Plaintiff suffered a work-related injury and she immediately notified her supervisors.

47. Plaintiff received medical treatment related to her work-related injury until the time of her termination.

48. On or August 17, 2016, the Defendant fired Plaintiff.

49. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation law, as Plaintiff was entitled to do.

50. The motivating factor, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

51. Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

52. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

53. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages according to proof.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; reinstatement and promotion; injunctive relief prohibiting Defendant from wrongfully discharging in the manner described above; front wages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: June 28, 2017.

By:___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549