# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-61270-BLOOM/Valle

JEANNE CANIGIANI,

Plaintiff,

v.

BANC OF AMERICA MERCHANT
SERVICES, LLC doing business as
Bank of America,

Defendant.

_____/

## ORDER ON MOTION TO DISMISS
## AND MOTION TO STRIKE

     **THIS CAUSE** is before the Court on Defendant Banc of America Merchant Services, LLC's ("Defendant") Motion to Dismiss in Part As Well As Motion to Strike Certain Claims for Relief, ECF No. [13] (the "Motion"). The Court has reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

     Plaintiff Jeanne Canigiani ("Plaintiff") began work for Defendant in 1994. ECF No. [1] ¶ 10. Plaintiff alleges that Defendant considered Plaintiff a "good employee" and that during the course of her employment, she received satisfactory feedback from Defendant about her work performance. *Id.* ¶¶ 11–12. On September 22, 2015, Plaintiff fell down the stairs at work and sustained serious injuries. *Id.* ¶ 13. At the time of her injury, Plaintiff alleges she immediately reported the fall to her supervisors and requested medical treatment. *Id.* ¶ 16. Plaintiff

1

subsequently took off time from work for medical visits to treat migraines and continuous sharp pain to her neck, back, and shoulders caused by the fall. *Id.* ¶ 15, 17. Plaintiff alleges that once she began taking time off for doctor's visits, Defendant began to "micromanage" her work and "look for excuses to reprimand her." *Id.* ¶ 17–18. Plaintiff later notified Defendant that she would need additional time off in the future to continue to attend medical appointments to treat her injuries and medical condition that resulted from the fall. *Id.* ¶ 19. Plaintiff never received notification of her potential rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. *Id.* ¶ 21. On August 17, 2016, Defendant fired Plaintiff, explaining she was terminated because she "did not make her quota." *Id.* ¶ 20.

Plaintiff filed suit against Defendant on June 28, 2017 alleging the following claims: Count I, Interference with FMLA Rights Against Defendant (Failure to Provide FMLA Information); Count II, Interference with FMLA Rights Against Defendant (Termination); Count III, Violation of the FMLA by Defendant (Retaliation); Count IV, Worker's Compensation Retaliation (Fla. Stat. § 440.205).

Defendant moves to dismiss Count I. Defendant argues that even if it failed to provide Plaintiff with notice as required under the FMLA, no cause of action exists for "mere technical violations of the notice requirement" and Plaintiff has failed to plead any damages beyond a formulaic recitation. ECF No. [13] at 3; ECF No. [18] at 3–4. In response, Plaintiff argues that she has plead that she "has been damaged" as a result of Defendant's failure to provide her with proper notice and points the Court to the relief sought in Count I including "actual damages suffered, including back pay, front pay, loss of benefits future pecuniary loss, and lost future earning capacity; . . . liquidated damages; . . . prejudgment interest . . . ; reasonable costs and

2

attorney's fees; [and] any further relief pursuant to the FMLA." ECF No. [17] at 4–5; *see also* ECF No. [1] at ¶ 28-29.

Defendant also moves to strike certain claims for compensatory damages, loss of earning capacity, and liquidated damages found in Counts II, III, and IV. ECF No. [13] at 4–6. Plaintiff argues as a threshold matter that Defendant failed to meet and confer with Plaintiff as to these arguments under Local Rule 7.1(a)(3).[1] Plaintiff further argues that the damages she seeks are properly recoverable under the FMLA, but withdraws her claim for liquidated damages under Fla. Stat. § 440.205. ECF No. [17] at 6–7.

## II. MOTION TO DISMISS

### A. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting

---

[1] Because the Court addresses Defendant's motion to strike on the merits, it will not address this procedural argument.

*Twombly*, 550 U.S. at 557). The Supreme Court has emphasized that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009); *Iqbal*, 556 U.S. at 678. While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## B. Discussion

### a. The FMLA

Congress enacted the FMLA "to balance the demands of the workplace with the needs of families, . . . [and] to entitle [eligible] employees to take reasonable leave for [certain] medical reasons." 29 U.S.C. § 2601. The FMLA "grants an eligible employee the right to take up to 12 workweeks of unpaid leave annually for any one or more of several reasons, including because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1166 (11th Cir. 2014) (quoting *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006)) (internal quotation marks omitted).

4

The FMLA places requirements on both the employee and employer. First, an employee must provide sufficient notice to the employer of the need for leave potentially qualifying under FMLA. If leave is based on an unforeseeable workplace injury, the employee is "required to give notice only as early as [is] practicable, and [the] notice had to contain only 'sufficient information for [the employer] to reasonably determine whether the FMLA may apply to the leave request.' " *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1197 (11th Cir. 2015) (quoting 29 C.F.R. § 825.303(a)–(b)); *see also Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382–83 (11th Cir. 2005) ( "[W]here an employee's need for FMLA leave is unforeseeable, the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a *potentially FMLA-qualifying reason.*" (quoting *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997))). The employee, however, need not mention that such leave is requested pursuant to FMLA. *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010); *White*, 789 F.3d at 1197.

Once an employee has notified an employer that he or she may qualify for leave under the FMLA, the employer is obligated to provide three types of notice: eligibility notice, which requires the employer to inform the employee whether she is eligible to take FMLA leave; rights and responsibilities notice, which requires the employer to inform the employee of any obligations or responsibilities the employee may have under the employer's leave policy (i.e., a requirement to provide a doctor's certification); and designation notice, which requires the employer, once it has sufficient information about the request, to inform the employee if the leave requested with be designated as FMLA-qualifying. 29 C.F.R. § 825.300(b)-(d). Failure to provide these notices may qualify as actionable interference, restraint or denial of an employee's

5

rights under the statute, entitling an employee to damages or equitable relief.  29 C.F.R. §

825.300(e); *Hurlbert*, 439 F.3d at 1293 (citing 29 U.S.C. §§ 2615(a)(1) & 2617(a)).

### b.  Motion to Dismiss Count I

Count I alleges that Defendant failed to notify Plaintiff of her rights under the FMLA

after she provided notice of her serious health condition and that Plaintiff suffered damages as a

result.  Defendant urges the Court to dismiss this Count because "the FMLA only allows for the

recovery of lost wages or 'actual monetary losses sustained by the employee as a direct result of

the violation' " and Plaintiff has only plead a technical violation of the FMLA which is not

actionable.  ECF No. [13] (citing 29 USC §2617(a)(1)(A)(i)(I)).

If an employer fails to follow the notice requirements found in 29 C.F.R. § 825.300, that

"employer may be liable for compensation and benefits lost by reason of the violation, for other

actual monetary losses sustained as a direct result of the violation, and for appropriate equitable

or other relief, including employment, reinstatement, promotion, or any other relief tailored to

the harm suffered."  29 C.F.R. § 825.300(e) (citing 825.400(c)); *see also* 29 U.S.C. § 2617(a)(1).

Thus, while a plaintiff must demonstrate that she was "prejudiced" in some way by a defendant's

alleged violation of the FMLA, *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 82 (2002),

a plaintiff "need only demonstrate some harm remediable by either 'damages' or 'equitable

relief.' " *Evans v. Books-A-Million*, 762 F.3d 1288, 1296 (11th Cir. 2014) (citations omitted).

Plaintiff has pled that she was damaged as a result of Defendant's failure to notify her of her

FMLA rights, and demands, among other relief, "actual damages suffered, including back pay,

front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity."  ECF No. [1]

¶ 29.  At the motion to dismiss stage, these allegations are sufficient.  See *Maxey v. Carnival*

*Corp.*, No. 13-24379-CIV, 2014 WL 12605574, at *2 (S.D. Fla. May 19, 2014) ("Given Rule 8's liberal pleading standard, Plaintiff's averments [that Defendant's negligence resulted in Plaintiff's damages] are sufficient."); *Meth Lab Cleanup, LLC v. Spaulding Decon*, LLC, No. 8:10-CV-2550-T-30TGW, 2011 WL 398047, at *3 (M.D. Fla. Feb. 4, 2011) (finding on a motion to dismiss "a general averment of damages is sufficient at this stage").

None of the cases cited by Defendant persuade the Court otherwise. Not only does each case analyze the sufficiency of a plaintiff's damages on *summary judgment*, but each is also factually distinguishable from Plaintiff's claims. *Walker*, *Ciani*, and *McPhail* provide no support for Defendant since Plaintiff has neither conceded that she has no damages or remedy under the FMLA, nor has she had an opportunity to prove what damages, if any, she may have but failed to do so. ECF No. [13] at 3 (citing *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268 (10th Cir. 2001) (granting summary judgment where the parties agreed that the suspension which allegedly violated plaintiff's rights under the FMLA caused her no damages); *Cianci v. Pettibone Corp.*, 152 F.3d 723 (7th Cir. 1998) (upholding summary judgment on an FMLA claim when plaintiff "did not suffer any diminution of income, and, on the record before [the Court], incurred no costs as a result of the alleged violation," and counsel at oral argument was unable to articulate what relief, if any, was available to plaintiff under the FMLA); *McPhail v. ES3 LLC*, No. 1:08-CV-0029, 2010 WL 1501476 (M.D. Pa. Apr. 14, 2010) (granting summary judgment when there was no evidence in the record to demonstrate that plaintiff was injured by his employer's alleged failure to attribute early departures to FMLA-qualifying leave)). Further, there has been no finding or unopposed argument that Plaintiff's termination was lawful or that she was a "key employee" under the FMLA, situations which may limit the remedies available to a plaintiff.

ECF No. [13] at 3–4 (citing *Lapham v. Vanguard Cellular Sys., Inc.*, 102 F. Supp. 2d 266, 270 (M.D. Pa. 2000) (finding since plaintiff suffered no damages prior to a lawful termination, summary judgment must be granted on her FMLA claim); *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004) (noting that nominal damages are not available under the FMLA after granting summary judgment because plaintiff failed to refute that she was a "key employee" not entitled to reinstatement and defendant nevertheless offered to reinstate her in an equivalent position with equal pay and benefits)). Accordingly, the motion to dismiss Count I is **DENIED.**

### III.    MOTION TO STRIKE

#### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[A] motion to strike is the appropriate mechanism to pursue removal of the prayer for damages in the Complaint." *Pucci v. Carnival Corp.*, 160 F. Supp. 3d 1329, 1331 (S.D. Fla. 2016). "Under Rule 12(f), a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *1 (S.D. Fla. June 12, 2017) (collecting cases). Thus, despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Id.*

#### B.  Discussion

Defendant moves to strike Plaintiff's claims for compensatory damages, future pecuniary loss, and lost future earnings capacity under the FMLA in Counts II and III, as well as liquidated

damages under state law in Count IV. ECF No. [13] at 4–6. Plaintiff has withdrawn her request for liquidated damages under Fla. Stat. § 440.205. ECF No. [17] at 7. Accordingly, the motion to strike Plaintiff's claim for liquidated damages in Count IV is **GRANTED.**

As to the FMLA claims, Congress allowed for recovery of "wages, salary, employment benefits, or other compensation denied or lost," or "any actual monetary losses sustained . . . as a direct result of the violation, such as the cost of providing care." 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II); 29 C.F.R. § 825.400(c). In addition, an employee may be entitled to interest, liquidated damages, "appropriate equitable relief, such as employment, reinstatement and promotion," reasonable costs and attorney's fees. *Id.*

Plaintiff seeks "compensatory mental damages" (Count II) and "compensatory damages . . . for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer" (Count III). Courts in this Circuit, however, have found that such damages are not recoverable under the FMLA. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999) ("[T]he FMLA does not allow recovery for mental distress or the loss of job security."); *Harley v. Health Ctr. of Coconut Creek, Inc.,* 518 F. Supp. 2d 1364, 1371 (S.D. Fla. 2007) ("[R]ecovery of non-pecuniary losses, such as emotional pain, suffering, mental anguish, loss of enjoyment of work and humiliation are not provided for under the [FMLA]."); *Burden v. City of Opa Locka*, No. 11-22018-CIV, 2012 WL 12865849, at *4 (S.D. Fla. June 25, 2012) (finding plaintiffs' claim for "damage to their career mental anguish and suffering damage to reputation and consequential damages" were not recoverable under the FMLA (modifications omitted)). The Court **GRANTS** Defendant's motion to strike Plaintiff's request for relief of

"compensatory mental damages" (Count II) and "compensatory damages . . . for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer" (Count III).

Finally, Defendant moves to strike Plaintiff's claims for "future pecuniary loss" and "lost future earnings capacity." In support, Defendant cites to *Dawson v. Leewood Nursing Home, Inc.*, 14 F. Supp. 2d 828 (E.D. Va. 1998) and *Harbuck v. Briggs Equip.*, No. CIV A. H-05-0342, 2006 WL 2168096 (S.D. Tex. July 31, 2006). Both cases hold that where a plaintiff suffers no other losses, a stand-alone claim for damages based on allegations that an employer's interference with the employee's FMLA rights worsened the employee's condition may not survive summary judgment. However, this Circuit has recognized that certain types of future pay may be available to a plaintiff in an FMLA case. *Wai v. Fed. Exp. Corp.*, 461 F. App'x 876, 884 (11th Cir. 2012) (noting that under the FMLA "a court may award front pay as a form of equitable relief where reinstatement is not feasible" and that such an award "is derived solely from the statutory provision permitting the court to award 'such equitable relief as may be appropriate' " (citations omitted)). Given the factual differences of Plaintiff's allegations, the procedural posture of this case, and dearth of binding authority cited by the parties, the Court finds inappropriate the "drastic remedy" of striking these allegations at this stage in the proceedings.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [13]**, is **GRANTED IN PART AND DENIED IN PART**;

2. Defendant's motion to dismiss Count I is **DENIED;**

3. Defendant's motion to strike Plaintiff's claims for compensatory mental damages in Counts II and III is **GRANTED;**

4. The phrase "or compensatory mental damages" in Paragraph 36(a) of ECF No. [1] is **STRICKEN;**

5. Paragraph 42(c) of ECF No. [1] is **STRICKEN** in its entirety;

6. Defendant's motion to strike Plaintiff's claims for "future pecuniary loss and lost future earnings capacity" is **DENIED;**

7. Defendant's motion to strike Plaintiff's claims for liquidated damages in Count IV is **GRANTED;**

8. The phrase "and an equal amount of back wages as liquidated damages" in Paragraph 53 of ECF No. [1] is **STRICKEN**.

9. Defendant shall file an Answer to the Complaint by **October 10, 2017.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of October, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record