**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 17-CV-61270-BLOOM**

JEANNE CANIGIANI,

      Plaintiff,

v.

BANK OF AMERICA,

      Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BANK OF AMERICA ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff purports to bring this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated the FMLA.

### PARTIES

2.    Defendant lacks knowledge sufficient to either admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

3.    As to Paragraph 3 of the Complaint, Defendant admits that it employed Plaintiff but otherwise denies the legal conclusion regarding Plaintiff's status as an eligible employee.

4.    As to Paragraph 4 of the Complaint, Defendant admits that it in the past employed Plaintiff, but otherwise denies the legal conclusion contained in this Paragraph.

5.    As to Paragraph 5 of the Complaint, Defendant admits that it is a Corporation

doing business in Broward County, Florida. The remaining allegations in this Paragraph are denied.

## JURISDICTION AND VENUE

6. As to Paragraph 6 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and Fla. Stat. § 440.205, but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated the FMLA.

7. As to Paragraph 7 of the Complaint, Defendant admits that this Court has jurisdiction over claims arising under 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617. The remaining allegations contained in this paragraph are denied.

8. As to Paragraph 8 of the Complaint, Defendant admits that venue is proper, but denies any inference of wrongdoing on its part.

## PROCEDURAL REQUIREMENTS

9. Defendant denies the allegations in Paragraph 9 of the Complaint insofar as Plaintiff did not comply with Defendant's FMLA policy.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT
## (FAILURE TO PROVIDE FMLA INFORMATION)

22. Defendant reaffirms, re-alleges and incorporates by reference its responses to Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. Defendant also denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, and subparts a through g thereto, following Paragraph 29 of Plaintiff's Complaint.

## COUNT II
## INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (TERMINATION)

30. Defendant reaffirms, re-alleges and incorporates by reference its responses to Paragraphs 1 through 21 above as if fully set forth herein.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Defendant also denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, and subparts a through h thereto, following Paragraph 36 of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF FMLA BY DEFENDANT - RETALIATION

37. Defendant reaffirms, re-alleges and incorporates by reference its responses to Paragraphs 1 through 21 above as if fully set forth herein.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint. Defendant also denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause, and subparts a through h thereto, following Paragraph 42 of Plaintiff's Complaint.

## COUNT IV
## WORKERS' COMPENSATION RETALIATION (FLA. STAT. § 440.205)

43. Defendant reaffirms, re-alleges and incorporates by reference its responses to Paragraphs 1 through 21 above as if fully set forth herein.

44.     Defendant admits that Plaintiff purports to bring this action pursuant to Fla. Stat. § 440.205 but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated the subject statute.

45.     Defendant lacks knowledge sufficient to either admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies same.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint except that it avers Plaintiff's employment was terminated on or about August 17, 2016.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint. Defendant also denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies each and every allegation in the Complaint not expressly admitted herein.

## **DEMAND FOR JURY TRIAL**

The Paragraph requesting a jury trial calls for a legal conclusion to which no response is required. To the extent a response is called for, Defendant denies that there are any issues to be tried by a jury.

## STATEMENT OF AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant terminated Plaintiff for a legitimate business reason.  In the event Plaintiff legitimately exercised her FMLA or workers' compensation rights, the exercise of such rights was not the motivating, determining, or a substantial factor in any of Defendant's employment decisions as to Plaintiff.  Moreover, even if any decision(s) concerning Plaintiff was based, in part, on interfering and/or retaliatory grounds (which Defendant specifically denies), Defendant would have reached the same decision(s), absent any alleged retaliation or interference.

### Second Affirmative Defense

Plaintiff's claims and damages, if any, must be reduced, in whole or in part, to the extent discovery reveals she failed to take reasonable steps to mitigate her damages.  Plaintiff's interim earnings or amounts she could have earned with reasonable diligence should reduce any back pay otherwise recoverable by Plaintiff.  In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### Third Affirmative Defense

Defendant has at all times acted in good faith and had reasonable grounds for believing that any acts or omissions were not in violation of the FMLA or the workers' compensation laws. Defendant also has (and had) a policy against interference with FMLA rights or retaliation, as well as a reasonable and available procedure for receiving and investigating complaints of alleged FMLA interference/retaliation or workers' compensation retaliation. To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims of FMLA interference/retaliation as well as under Fla. Stat. § 440.205 fail and/or her recovery of

damages is limited. Moreover, as a result of Defendant's good faith and its aforementioned policies, Plaintiff's damages should be reduced or limited.

### Fourth Affirmative Defense

To the extent revealed by discovery, Plaintiff's claims for damages may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### Fifth Affirmative Defense

Plaintiff's claims for damages, including her claim for loss of earning capacity, are barred and/or subject to the limitations set forth in the FMLA.

### Sixth Affirmative Defense

Plaintiff was not entitled to benefits under the FMLA or denied benefits under the FMLA, so her claims cannot stand.

### Seventh Affirmative Defense

Plaintiff failed to comply with Defendant's FMLA policy and failed to provide Defendant with notice, so her claims cannot stand.

### Eighth Affirmative Defense

Assuming Plaintiff was entitled to notice or other rights under the FMLA and assuming Defendant failed to provide such notice or otherwise failed to comply with the FMLA, Plaintiff suffered no prejudice, so her FMLA claims cannot stand.

### Ninth Affirmative Defense

Plaintiff's claim is barred at least in part by the doctrine of waiver, estoppel, unclean hands, and res judicata, inasmuch as Plaintiff engaged in misrepresentations in connection with her workers' compensation claim and voluntarily dismissed her workers' compensation petitions as a result of her misrepresentations.

Defendant reserves the right to assert additional affirmative defenses, or to amend these defenses, as appropriate as this action progresses.

WHEREFORE, Defendant requests that this Court:

(a) dismiss with prejudice Plaintiff's Complaint and the prayer for relief set forth therein;

(b) award Defendant its costs and reasonable attorney's fees; and

(c) grant such other and further relief as this Court deems just and proper.

Dated: October 18, 2017

Respectfully submitted,

/s/ Mendy Halberstam
Pedro P. Forment, Esq.
Florida Bar No. 61026
Email: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No.: 68999
E-mail: halbersm@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile: (305) 373-4466

CASE NO.: 17-CV-61270-BLOOM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

                                                s/ Mendy Halberstam
                                                Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Jeanne Canigiani v. Bank of America*

**Case No. 17-CV-61270-BLOOM**

| | |
|---|---|
| R. Martin Saenz, Esq. | Pedro P. Forment, Esq. |
| Florida Bar No. 0640166 | Florida Bar No. 61026 |
| E-mail: msaenz@saenzanderson.com | E-mail: pedro.forment@jacksonlewis.com |
| Vanessa Steelman | Mendy Halberstam, Esq. |
| vsteelman@saenzanderson.com | Florida Bar No. 68999 |
| SAENZ & ANDERSON, PLLC | E-mail: mendy.halberstam@jacksonlewis.com |
| 20900 N.E. 30th Avenue, Suite 800 | JACKSON LEWIS P.C. |
| Aventura, FL 33180 | One Biscayne Tower, Suite 3500 |
| Telephone: (305) 503-5131 | 2 South Biscayne Boulevard |
| Facsimile: (305) 270-5549 | Miami, FL 33131 |
| | Telephone: 305-577-7600 |
| *Attorneys for Plaintiff* | Facsimile: 305-373-4466 |
| | |
| | *Attorneys for Defendant* |

4848-0240-2641, v. 1